# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 16-cr-00053-3 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| OCTAVIO ALEJANDRE ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Octavio Alejandre faces charges for allegedly conspiring to kidnap the victim at gunpoint and hold him for ransom. The Government has indicated its intention to introduce as evidence at trial certain cell-site location information ("CSLI") for a phone number that it contends was used by Alejandre at the time of the kidnapping in order to prove Alejandre's involvement in the crime. Although the CSLI was collected pursuant to a facially-valid court order, the Supreme Court has since declared in *Carpenter v. United States*, 138 S. Ct. 2206 (2018), that the Government must have a warrant supported by probable cause to acquire such information. Alejandre now moves to suppress the CSLI on the basis of *Carpenter*. (Dkt. No. 199.) As explained below, Alejandre's motion is denied.

## BACKGROUND

On October 13, 2016, Alejandre, Armando Delgado, and Antonio Salgado were charged in a two-count indictment for conspiring to kidnap another person in violation of 12 U.S.C. §§ 1201(a)(1) and (c), and kidnapping another person in violation of 18 U.S.C. § 1201(a)(1). Prior to the alleged kidnapping, the Federal Bureau of Investigation ("FBI") and Drug Enforcement Administration were already investigating Salgado, as they believed him to be involved in narcotics trafficking. In connection with that investigation, the law enforcement agencies obtained a court-authorized interception of Salgado's phone. Law enforcement subsequently was alerted to

the existence of a kidnapping plot allegedly orchestrated by Salgado and Delgado through intercepted phone conversations on May 12, 13, and 22, 2016.

The kidnapping occurred on May 30, 2015; the victim was abducted at gunpoint in Berwyn, Illinois and held until June 1, 2015. The same day the victim was released, Berwyn Police arrested Delgado and charged him in state court with kidnapping. Following his arrest, Delgado's phone was confiscated and investigators obtained a state warrant to search it. The search revealed that, during the kidnapping, Delgado's phone made several calls to a number associated with Salgado as well as the phone number (872) 333-6143.

Several months later, on November 3, 2015, FBI agents interviewed a man who they believed to have information about the kidnapping. During the interview, the agents asked the man if he had a number for Alejandre. The man supplied two numbers associated with Alejandre: (872) 333-7641 and (312) 810-2023. One of those numbers, (872) 333-7641, was the top caller to Delgado's phone between March 16 and May 3, 2015. However, that number stopped calling Delgado's phone on May 3, 2015. From May 6 to May 29, 2015, the number (872) 333-6143 supplanted (872) 333-7641 as the new top caller to Delgado's phone. Based on this pattern, the Government included (872) 333-6143 as one of the phone numbers for which it sought court-ordered disclosure of CSLI in its November 3, 2015 application under 18 U.S.C. § 2703(d). The Government successfully obtained a court order the next day.

Using the CSLI it received pursuant to the court order, the Government has prepared charts containing time- and date-stamped cell-site location activity for the number (872) 333-6143, which the Government contends was a number associated with Alejandre during the time of the kidnapping. It intends to use the charts at trial to link Alejandre to the kidnapping and to introduce expert testimony from an FBI agent who will testify regarding the analysis he

2

performed on the underlying data. With the instant motion, Alejandre asks this Court to suppress the CSLI obtained for the phone number (872) 333-6143 and all evidence derived from that CSLI.

**DISCUSSION**

Under 18 U.S.C. § 2703(c)(B), the Government may obtain a court order requiring "a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service." To obtain a court order, the Government need only offer "specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Notably, the showing the Government must make under § 2703(d) falls short of the probable cause showing necessary for issuance of a warrant. *See Carpenter*, 138 S. Ct. at 2221.

The information at issue here, CSLI, "is location information generated by cellular phone providers that indicates which cell tower a particular phone was communicating with when a communication was made." *United States v. Curtis*, 901 F.3d 846, 847 (7th Cir. 2018) (internal quotation marks omitted). In recent years, the proliferation of cell towers and wireless providers' move to collect information from not just incoming and outgoing calls but also the transmission of text messages and other data connections has meant that "modern cell phones generate increasingly vast amounts of increasingly precise CSLI." *Carpenter*, 138 S. Ct. at 2211–12. Thus, the collection of CSLI over an extended period of time gives the Government "an intimate window into a person's life, revealing not only his particular movements, but through them his familial, political, professional, religious, and sexual associations." *Id.* at 2217 (internal quotation marks omitted). Thus, the Supreme Court held in *Carpenter* that "the Government's acquisition of [CSLI] was a search within the meaning of the Fourth Amendment." *Id.* at 2220. And

consequently, the Government may only procure such information after first obtaining a search warrant supported by probable cause; the procedure under § 2703(d) does not suffice. *Id.* at 2221.

Here, there is no dispute that the Government did not have a search warrant supported by probable cause prior to obtaining CSLI for (872) 333-6143. For this reason, Alejandre contends that the CSLI for that number must be suppressed. But the Supreme Court has recognized a good-faith exception to the Fourth Amendment's warrant requirement when law enforcement reasonably relies on a subsequently invalidated statute. *Illinois v. Krull*, 480 U.S. 340, 349–50 (1987). Where the exception applies, the exclusionary rule will not require suppression of evidence derived from a search rendered unconstitutional by a later judicial decision. *Id.* And the Seventh Circuit has held that the good-faith exception applies to pre-*Carpenter* collection of CSLI when the information was obtained in good-faith reliance on an order issued under § 2703(d). *Curtis*, 901 F.3d at 848–49.

Alejandre contends that the good-faith exception does not apply here because the CSLI was not in fact obtained in good-faith reliance on the court order. Specifically, he argues that the Government did not fully comply with the necessary procedures under § 2703 because it did not provide proper notice to Alejandre of its collection activities. In making this argument, Alejandre cites the procedures governing the contents of wire or electronic communications in a remote computing service under § 2703(b). However, CSLI is "non-content information" governed by the procedures in § 2703(c). *Curtis*, 901 F.3d at 848. And § 2703(c) expressly states that "[a] governmental entity receiving records or information under this subsection is not required to provide notice to a subscriber or customer." 18 U.S.C. § 2703(c)(3). Thus, Alejandre's contention that the Government's lack of good faith was evinced by its failure to follow the statutory requirement of prior notice is baseless.

In addition, Alejandre argues that the Government's lack of good faith is shown by the supporting affidavit filed with its application for a § 2703(d) order. According to Alejandre, the affidavit was submitted in reckless disregard for the truth of certain representations therein—namely, the affiant had no basis to believe that (872) 333-6143 was Alejandre's number and took no steps to verify that it belonged to him. Yet the affidavit does not actually claim that (872) 333-6143 was a number used by Alejandre. It simply states that the number was used by an "UNKNOWN KIDNAPPING SUSPECT." (*See* Kazee Aff. ¶ 5b., Dkt. No. 206.) Moreover, the affidavit provides good reason for believing that the individual associated with that number was involved in the kidnapping, as Delgado's phone had been in contact with the number during the time that the victim was being held. Thus, the § 2703(d) order was granted as to (872) 333-6143 based on that number's association with other suspects in the kidnapping, not because it was represented to belong to Alejandre. Having been granted the order, the Government was entitled to reasonably rely on it. To the extent Alejandre contests whether the phone number was his, that argument is better presented by way of a motion *in limine* or by challenging the Government's proof at trial; it has no impact on his present motion to suppress.

## CONCLUSION

In sum, although the warrantless collection of CSLI for the phone number (872) 333-6143 has since been determined to be unconstitutional, at the time of the search law enforcement relied in good faith on a court order issued pursuant to § 2703(d). The Seventh Circuit has confirmed that the good-faith exception applies in such circumstances, and therefore the CSLI will not be suppressed. Accordingly, Alejandre's motion to suppress cell-site location information (Dkt. No. 199) is denied.

ENTERED:

Dated: January 7, 2019

Andrea R. Wood
United States District Judge